**FILED**

JEANNE A. NAUGHTON, CLERK

**August 23, 2017**

United States Bankruptcy Court
Newark, NJ
By: /s/ Margaret Cohen, Judicial Assistant

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In re:<br><br>MAC TRUONG,<br><br><br><br>Debtor. | Case No.:    16-19929  VFP<br><br><br>Chapter   7 |

**OPINION**

**APPEARANCES**

MAC TRUONG
Debtor, *Pro Se*
63 Van Reypen Street
Jersey City, NJ  07306

ERIN KENNEDY, ESQ.
Counsel to Charles M. Forman, Esq.
Chapter 7 Trustee
Forman Holt
66 Route 17 North
Paramus, NJ  07652

GARY F. HERBST, ESQ.
Counsel to R. Kenneth Barnard, Esq.,
Chapter 7 Trustee for Estate
  of Rosemary Ida Mergenthaler
Lamonica, Herbst and Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY  11793

TIMOTHY R. WHEELER, ESQ.
Counsel to R. Kenneth Barnard, Esq.
Chapter 7 Trustee for Estate
  of Rosemary Ida Mergenthaler
Wilson, Elser, Moskowitz, Edelman & Dicker
200 Campus Drive
Florham Park, NJ 07932

**VINCENT F. PAPALIA, United States Bankruptcy Judge**

    **I.**       **INTRODUCTION**

    This matter is before the Court on the Motion of Chapter 7 Trustee Charles M. Forman, Esq., through counsel (i) to dismiss the captioned bankruptcy case under 11 U.S.C. § 707(a) as having been filed in bad faith; and (ii) to bar the Debtor from filing a bankruptcy case in any jurisdiction without first obtaining leave of the relevant Court pursuant to 11 U.S.C. §§ 349(a), 109(g) and 105(a) (Dkt. No. 43).

For the reasons set forth in more detail below, the Court will deny the Trustee's motion to dismiss as moot and untimely because the Debtor was granted a discharge four months prior to the filing of the Trustee's dismissal motion. Additionally, by previous orders, this Court has already barred the Debtor from seeking any further relief or bringing any further application, motion or adversary proceeding relating to: (i) this Court's prior orders; (ii) his eviction from his business premises; (iii) the New York Property (as defined below); or (iv) the bankruptcy case of Rosemary Mergenthaler (Case No. 15-72040) pending in the United States Bankruptcy Court for the Eastern District of New York, without first obtaining the prior written permission of the Court in each instance. Thus, the Court has already effectively granted a significant portion of the prospective relief sought by the Trustee, but in a more targeted form.

In denying the Trustee's motion on these grounds, the Court does not reach the merits of the Trustee's bad faith arguments for various reasons. First, although there is abundant evidence of the Debtor's bad faith in his prior bankruptcy proceedings and in certain aspects of this one, the Debtor also asserts that he filed this case to stay eviction proceedings as to his business property, stay an IRS garnishment of his social security benefits and discharge a $140,000 indebtedness to the IRS. As is described in more detail below, to determine whether this case was filed in bad faith, the Court would have to resolve various factual issues regarding the Debtor's reasons for filing and his prosecution of this case. The Court cannot make these fact-sensitive findings without testimony and a hearing.

##  II.    STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on September 18, 2012. These are core proceedings under 28 U.S.C. § 157(b)(2)(A), (E) and (O). Venue is proper in this Court under 28 U.S.C. § 1408. The Court issues the following findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052. To the extent that any of the findings of fact might

2

constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

### III. STATEMENT OF FACTS AND RELEVANT PROCEDURE

#### A. This Bankruptcy Case

The Debtor filed the instant, no asset Chapter 7 case on May 23, 2016. The Debtor was granted a discharge on August 26, 2016, as no party-in-interest sought an extension of time for entry of discharge under FED. R. BANKR. P. 4004(c). The Trustee filed his dismissal motion on December 28, 2016.

#### B. The Litigation in this Case

From its inception, this case was prominently marked by the following three litigation proceedings generated by the Debtor:[1]

##### 1. The Broadway Proceeding

On May 31, 2016, Debtor commenced adversary proceeding 16-1380 (VFP), entitled *Truong v. Broadway Assocs., LLC, Alexis Feldman and David Kaminsky* (the "Broadway Proceeding") to attempt to stay his eviction from a commercial property, 325 Broadway, Suite 200, New York, New York (the "Broadway Property"). The Debtor also sought money damages from the Defendants in the Broadway Proceeding for libel, defamation, tortious interference and willful violation of the stay and filed a motion on June 24, 2016 that also essentially sought to stay the New York eviction action.

By Order and Opinion entered on August 30, 2016, this Court: (i) granted the Broadway Defendants' motion to dismiss the Broadway Proceeding; and (ii) denied the Debtor's motion to stay the New York eviction proceedings, among other relief (the "August 30, 2016 Order and Opinion") (Dkt. Nos. 26 and 27, Adv. Pro. 16-1380). The Debtor quickly moved for reconsideration of the

---

[1] No summary of these proceedings shall be deemed to modify the Orders entered in these proceedings, unless expressly ordered at the conclusion of the instant Opinion.

3

portions of the August 30, 2016 Opinion and Order referred to above (the "Broadway Reconsideration Motion"), which was opposed by the Broadway Defendants.

By Order and Opinion entered on October 31, 2016, this Court denied the Broadway Reconsideration Motion and also barred the Debtor from: (i) filing any reconsideration motions, or (ii) any motion or other proceedings relating to his eviction from the Broadway Premises without first obtaining this Court's prior written permission to do so. The Debtor filed an appeal of the October 31, 2016 Order and Opinion, but subsequently determined to withdraw that appeal. As a result, the District Court entered an Order denying the appeal as moot on March 9, 2017 (Dkt. No. 4, Civ. No. 16-8585).[2]

## 2. The Abandonment of the New York Property

The second significant piece of litigation generated by this Debtor was his objection to the Trustee's abandonment of real property at 3 Wood Edge Court, Water Mill (Suffolk County), New York 11976 (the "New York Property") (Dkt. No. 11, Notice of Proposed Abandonment filed July 14, 2016; Dkt. No. 16, Debtor's Obj.). By Order and Opinion entered on August 30, 2016, the Court authorized the Trustee to abandon the New York Property over the Debtor's objection (Dkt. Nos. 26 and 27).

Following his pattern in this and other cases, the Debtor then soon filed a motion asking this Court to reconsider and vacate its August 30, 2016 Order authorizing the Trustee to abandon the New York Property and a cross-motion seeking to direct R. Kenneth Barnard, Trustee in the Chapter 7 bankruptcy case of Rosemary I. Mergenthaler (Case No. 15-72040) pending in the Bankruptcy Court for the Eastern District of New York, to turn over to the Trustee in this case either the New York Property or twenty-five percent of the value of the New York Property.

---

[2]The District Court's Order allowed the Debtor forty-five days from March 9, 2017 to advise the Court of his intent to proceed otherwise. That forty-five-day period has expired without any indication of the Debtor's intent to proceed otherwise.

4

By Order entered on November 4, 2016, this Court denied the Debtor's motion to vacate and reconsider this Court's August 30, 2016 Order and Debtor's cross-motion for the reasons set forth on the record on November 3, 2016 (Dkt. No. 22). The November 4, 2016 Order also barred the Debtor from (i) seeking reconsideration or other similar relief with respect to this Court's Orders; (ii) seeking any relief with respect to the New York Property, and (iii) seeking any relief related to the *Mergenthaler* bankruptcy case (and any appeals therefrom), without first obtaining this Court's prior written permission. The November 4, 2016 Order is on appeal to the District Court.

### 3. The Mergenthaler Adversary Proceeding

On August 4, 2016, Debtor commenced an adversary proceeding (No. 16-1618 (VFP)) with respect to his alleged interest in the New York Property entitled *Truong v. Rosemary I. Mergenthaler and R. Kenneth Barnard*, individually and in his capacity as Trustee for the Mergenthaler estate. By the November 4, 2016 Order referenced above, the Court also dismissed the Debtor's Complaint against the Mergenthaler Trustee with prejudice and with the limitations on future filings discussed above. The Debtor filed an appeal of the November 4, 2016 Order to the extent it dismissed the Debtor's adversary complaint (No. 16-1618) relating to the New York Property and denied the Debtor's cross-motion with respect to the turnover of the New York Property (Dkt. No. 25). That appeal is currently pending in the District Court.

### 4. The Other Abandonment Proceedings

Additionally, on and after November 7, 2016, the Trustee filed Notices of Proposed Abandonment of three more scheduled assets:

(i)   Estate of Truong Tran (Dkt. No. 34, filed Nov. 7, 2016);

(ii)  11240 Silsbe Lane, Eads (Shelby County), Tennessee (Dkt. No. 35, filed Nov. 8, 2016);

(iii) Claims against 325 Broadway Associates, LLC (Dkt. No. 38, filed Nov.14, 2016).

The Debtor filed no objection to these Notices of Proposed Abandonment. The Bankruptcy Court Clerk's Office filed a Certification of No Objection to each proposed abandonment when the objection period expired (Dkt. No. 40, filed Dec. 7, 2016; Dkt. No. 41, filed Dec. 12, 2016; Dkt. No. 42, filed Dec. 14, 2016).

### 5. The Dismissal Motion

As was noted above, the Debtor was granted a discharge on August 26, 2016. Thereafter, on December 28, 2016, the Trustee filed the instant dismissal motion (the "Dismissal Motion") (Dkt. No. 43). The Debtor filed his objection on January 17, 2017 (Dkt. No. 46). The hearing on the Dismissal Motion was repeatedly adjourned at the request of the Trustee in this case and Trustee Barnard in the Mergenthaler case, with the Debtor requesting that the matter be decided on the papers and no party objecting to that request. The Court accordingly is deciding this motion on the papers, the record in this case and the record in the Debtor's prior cases.

The Trustee's Certification recites succinctly and accurately the long and tortured history of Debtor's prosecution of six prior bankruptcy cases in New Jersey and New York beginning on July 12, 2000 on behalf of himself, his spouse, and his affiliate (Dkt. No. 43-1, Trustee Cert., ¶ 13 ff). Debtor also prosecuted numerous motions for reconsideration and/or appeals in this case and those cases. In many of those cases, the Court made a finding of bad faith on the part of the Debtor and concluded with the relevant Court entering a bar Order as to future filings for a stated duration.

### IV. ARGUMENTS OF PARTIES

#### A. The Trustee's Arguments

On March 25, 2014 the Supreme Court of New York entered an Order appointing a receiver to sell the New York Property (the "Receivership Order") (Dkt. No. 43-1, Trustee Cert., Ex. C). The Trustee argues that any case that the Debtor filed subsequent to that date was filed for the improper

purpose of thwarting the Receivership Order (Dkt. No. 43-2, Trustee Br., 4).[3] Debtor filed two bankruptcy petitions after the entry of the Receivership Order: (i) Case No. 14-13050 (JLG) (Chapter 13), which was filed on November 5, 2014 in United States Bankruptcy Court for the Southern District of New York (the "2014 Southern District Case"), immediately after a five-year bar expired in the Debtor's next most-recent case, Case No. 09-11047 (the "2009 Southern District Case"); and (ii) this case filed on May 23, 2016 in the District of New Jersey.

The Bankruptcy Court for the Southern District of New York granted the Motion of the Chapter 13 Trustee to dismiss the 2014 Southern District Case with these findings:

> [T]here is no question that Debtor's pattern of frivolous and vexatious litigation has continued. The Debtor has provided no purpose for his most recent Chapter 13 petition other than to pursue the same claims that have been rejected time and again. As Judge Glenn found [in the 2009 Southern District Case], the Debtor's is a history of "vexatious and abusive conduct toward [the New Jersey Chapter 7 Trustee] and the Debtor's other adversaries in the numerous other cases spawned by the Debtor's litigious behavior. The Debtor was disbarred as an attorney licensed to practice in New York for the same type of behavior. Numerous other courts have entered filing injunctions against the Debtor in an apparently futile effort to curb his abuses. The Debtor's penchant for relitigating issues over and over again further supports a finding of bad faith. It is clear from the very long record that the Debtor filed the instant chapter 13 petition in an effort to skirt the New Jersey bankruptcy court's jurisdiction once again and to abuse the bankruptcy system for his own advantage." *Truong*, 2009 WL 2929261 at *5. The Debtor's abuse of the bankruptcy system has continued in the instant case, in his Motion, and in the Adversary Proceeding, and they should be dismissed.

*In re Truong*, No. 14-13050 (ALG), 2015 WL 136680, at *2 (Bankr. S.D.N.Y. Jan. 9, 2015).

The January 9, 2015 Order dismissing the 2014 Southern District Case permanently enjoined the Debtor, "his wife and any entity acting on their behalf or under their control" from filing a case in the U.S. Bankruptcy Court for the Southern District of New York without prior approval from the

---

[3]The Trustee also argued that the January 14, 2015 "Quitclaim Deed" which purported to convey a 25% interest in the New York Property to the Debtor was likewise designed to thwart the Receivership Order (Dkt. No. 43-1, Ex. A, Quitclaim Deed; Dkt. No. 43-2, Trustee Br., 4). On August 6, 2015 the Supreme Court of New York entered an Order finding the Quitclaim Deed "null and void" (Dkt. No. 43-1, Ex. B, Order finding Quitclaim Deed null and void). The Debtor unsuccessfully appealed that Order as well.

7

Court and granted related relief. *In re Truong*, 2015 WL 136680, at *2; and (ii) this case that the Debtor filed on May 23, 2016.

As noted, the Trustee argues that Debtor filed both the 2014 Southern District Case and the instant case for the improper purpose of thwarting the March 25, 2014 Receivership Order. The Trustee argues further that the Debtor filed the instant case for the additional improper purpose of delaying his eviction from the commercial property at 325 Broadway, Suite 200, New York, New York. The Trustee concludes that this case is the seventh in a sequence of abusive filings beginning on July 12, 2000 and merits a global injunction against the Debtor "from filing any further bankruptcy petitions or initiating any further litigation related thereto without first obtaining leave of the United States Bankruptcy Court in the jurisdiction" in which the Debtor proposes to file (Dkt. No. 43-2, Trustee Br., 16).

### B.    The Debtor's Arguments

The Debtor filed only a certification in opposition (no brief) with four exhibits referenced below. The Debtor argues without citation to any case law or bankruptcy rule that the Trustee's motion is "moot" (Dkt. No. 46, Debtor Cert., ¶ 3). The Debtor further argues that the motion has no basis in fact or law (without citing to any law) and was made with the hidden purpose of assisting Trustee Barnard in the Mergenthaler case (without reference to any facts). (*Id.* at 4).

The Debtor also claims that the instant case has merit for a variety of reasons. First, the Debtor claims he was able to discharge a $120,000 debt to the Internal Revenue Service (the "IRS") and stay the IRS' garnishment of a portion of his social security benefits (Dkt. No. 46, Debtor Cert., ¶¶ 30-31). The Debtor scheduled a $120,000 debt to the IRS on "E/F" as a priority unsecured claim in disputed amount with the legend "Erroneous Tax Amount Due" and a statement that the debt was incurred on January 1, 2009 (Dkt. No. 1). Because the Trustee did not file a Notice of Assets, no bar date was set, and the IRS has filed no claim with respect to this debt. As a result, the Court is not able to

8

determine from the information provided by the Debtor whether the alleged IRS debt was discharged or is excepted from discharge under 11 U.S.C. § 523(a)(1). However, the Debtor also alleges that his bankruptcy filing stopped the IRS from garnishing a portion of his social security benefits to repay this debt (*Id.* at ¶¶ 30-31). In this regard, the Court observes that whether or not the underlying debt may be discharged, bankruptcy cases are often filed to stay execution on a debtor's assets. Based on the record on this Motion, the Court is unable to determine whether the IRS debt is a dischargeable one, its amount or whether there was an offset against the Debtor's social security benefits. Further evidence is needed to determine whether the IRS debt was a valid reason for this filing.

The Debtor also argues that the motion and adversary proceeding he filed with respect to the Broadway Property were intended (at least in part) to halt the eviction proceedings against him by his landlord in New York landlord-tenant court. Upon filing, the Debtor immediately took the position that this bankruptcy automatically stayed the New York eviction proceeding, which was in the final stages of trial. He soon filed an adversary proceeding and various motions seeking to enforce the stay and related relief. This Court ultimately dismissed the Debtor's adversary proceeding, denied his related cross-motion to stay the eviction proceedings and motion for reconsideration, all for the reasons stated in the Court's October 31, 2016 Opinion and Order.

While the Court did deny the relief requested by the Debtor as to the Broadway Premises, and allowed the Debtor to be evicted from those premises, the Court notes that the filing of a bankruptcy case to stay an eviction (or foreclosure) action is not at all unusual. Neither is it unusual for the affected creditor or to seek and obtain stay relief to proceed with the eviction (or foreclosure), which is effectively what happened here (although the Debtor affirmatively sought application of the stay, rather than the creditor seeking relief from stay). Further, the issue as to whether the stay applied to the pending eviction proceeding (which the Debtor ultimately lost in State Court and in this Court), was not free from doubt and turned on fairly complicated issues of New York landlord-tenant law,

bankruptcy law and their intersection. As noted above, the Debtor initially appealed this Court's October 31, 2016 Order denying reconsideration of the dismissal of his adversary proceeding against 325 Broadway Associates, *et al.*, and cross-motion seeking imposition of the stay. However, the Debtor subsequently determined to abandon that appeal, which has now been dismissed. On this record, the Court cannot determine whether the bankruptcy filing to attempt to stay the eviction proceedings was in good faith or bad faith, as part of Debtor's pattern of litigation and relitigating issues in various courts. That determination also would require further factual findings based on the evidentiary hearing.

Although the Debtor appears to have abandoned his appeal of this Court's October 31, 2016 Order,[4] the Debtor is pursuing his appeal of this Court's November 4, 2016 Order dismissing with prejudice the Debtor's suit against Rosemary Mergenthaler and Kenneth Barnard.[5] In his objection to the Trustee's Motion to Dismiss, the Debtor persists in maintaining that he holds a twenty-five percent interest in the New York Property:

> 4.  A careful review of the Trustee's papers in support of his Motion to Dismiss shows that it is absolutely groundless as a matter of fact and law but solely made in bad faith *with the hidden purpose of assisting a specific debtor [sic], namely his colleague R. Kenneth Barnard, Defendant-Trustee* in *Truong v. Rosemary Mergenthaler & R. Kenneth Barnard*, in Adversary Proceeding under Docket No. 16-1618-VFP. . . .
>
> 35.  [I]t would be an appropriate courtesy for both Trustee Forman and this court to reserve judgment on the merits of my complaint against Trustee R. Kenneth Barnard until such time as the appeal is finalized in probably the U.S. Court of Appeals for the Third Circuit. . . .

---

[4] Adv. Pro. No. 16-1380 (VFP). The Debtor filed his designation of the record on appeal on November 17, 2016 but nothing further and no brief. (Dkt. No. 2:16-cv-08585-ES). The Debtor states further in his instant objection: "Suffice it to say that after this Court had decided to deny Debtor's Motion for Reconsideration, your affiant has decided not to appeal but to forget and forgive my old friend of 30 years Leslie Feldman's and his daughter Alexis Feldman's and attorney at law David Kaminsky's misbehavior toward Debtor" (Dkt. No. 46, Debtor Cert., ¶ 26).

[5] Debtor and Chapter 7 Trustee R. Kenneth Barnard have each filed one brief, and the appeal is under review by the District Court.

10

43. [This Motion] is rather glaringly an improper attempt for [Trustee Forman] to assist his colleague R. Kenneth Barnard *to convert my 25% share to the real property located at 3 Wood Edge Court, Water Mill, NY 11976*, with the value of up to $2,850,000.00 on the current market.

(Dkt. No. 46, Debtor Cert., ¶¶ 4, 35, 43) (emphasis supplied).

The Trustee asserts that: (i) these arguments are baseless (as they were previously denied by this and other courts); and (ii) this filing is the Debtor's second bankruptcy case designed to thwart enforcement of the Receivership Order, with the first being the 2014 Southern District case. The Court agrees with the first argument, as evidenced by this Court's November 4, 2016 Opinion. However, the Court cannot agree with the second argument, at least not on this record.

The Court has reviewed the docket in the 2014 case, which had a short life. It was filed on November 5, 2014 and dismissed on the Chapter 13 Trustee's motion on January 9, 2015, just over two months later. More specifically and significantly, the docket does not reveal any proceedings relating to the New York Property, nor is the New York Property listed on the Debtor's schedules. Thus, this Court cannot find that the 2014 Southern District case *and* this case were filed to thwart the Receivership Order. Further development of the factual record would be required to support that type of finding.

V. **STATEMENT OF LAW AND ANALYSIS**

A. **The General Standards for Bad Faith Dismissal**

11 U.S.C. § 707(a)(1) and (b)(1) and (3)(A) state in relevant part:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

 (1) unreasonable delay by the debtor that is prejudicial to creditors;

 (2) nonpayment of any fees or other charges required under Chapter 123 of title 28; and

 (3) failure of the debtor in a voluntary case to [timely file schedules and statement of financial affairs].

11

>(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . . .
>
>(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider--
>
>>(A) whether the debtor filed the petition in bad faith;

11 U.S.C. § 707(a)(1) and (b)(1) and (3)(A). None of the three grounds listed in section 707(a) was alleged on this Motion.

Next, 11 U.S.C. § 707(b)(2) declares that abuse is presumed if the Debtor violates the means test, but that ground is similarly not alleged here. Section 707(b)(3)(A), which was added by BAPCPA in 2005, allows dismissal of the debtor's petition filed in bad faith.[6] However, before reaching the merits of the bad faith issue, this Court must decide whether the Trustee's dismissal motion was timely filed. For the reasons that follow, the Court determines that it was not.

### B. The Filing of the Trustee's Dismissal Motion After the Debtor Was Granted a Discharge Renders the Trustee's Motion Untimely and Moot

The Debtor's first argument against dismissal is that the Trustee's motion is "moot." Debtor provides no legal authority or direct factual support for this argument. However, the Court notes from the docket in this case that the Debtor was granted a discharge on August 26, 2016 and that this dismissal motion was not filed until December 28, 2016, approximately four months later. Several courts have held that it is inappropriate and/or ineffective to dismiss a case after a discharge has been granted. *See, e.g.*, *In re Rodriguez*, 255 B.R. 118 (Bankr. S.D.N.Y. 2000). In *Rodriguez,* after taking judicial notice that the Debtor had been discharged prior to the filing of the dismissal motion, the

---

[6] The Trustee's Motion does not cite section 707(b) as a basis for dismissal.

court denied the trustee's unopposed motion to dismiss because dismissal was "inappropriate and ineffective" after the discharge had been granted. *Id.* at 120-21, citing *In re Medina*, Case No. 96-B-44073 (SMB) (holding it is inappropriate to dismiss a case after the debtor receives a discharge) and *In re Depew*, 115 B.R. 965, 970 (Bankr. N.D. Ind. 1989).[7] The *Rodriguez* court further noted that if dismissal was granted, the Debtor would receive all of the benefits of a bankruptcy filing, including the discharge, but would be relieved of its burdens. 255 B.R. at 121.

Along the same lines, various courts have denied dismissal motions as moot, even if the dismissal motion was filed before the discharge was granted. *See, e.g., In re Rosado*, 2012 WL 2564375, at *5 (B.A.P. 1st Cir. June 29, 2012) (denying motion to dismiss as moot where dismissal motion had been filed prior to the discharge); *In re Morgan*, 290 B.R. 246, 248-49 (Bankr. D. Del. 2003). In *Morgan*, the Court held that Congress intended and the Bankruptcy Rules provide that the Debtor be granted a discharge "forthwith" and with finality, unless one of the specifically enumerated exceptions of Bankruptcy Rule 4004 applies. Because none of these exceptions applied and the discharge was granted, the *Morgan* court denied the creditor's motion to dismiss as moot even though it had been filed before the discharge was granted. *Id*. at 248.[8] The same is true in this case, except that the concepts of granting a prompt and final discharge apply with even more force since the discharge here was granted months before the filing of the dismissal motion.

Further, if this motion would have been made under 11 U.S.C. § 707(b), which expressly includes bad faith as a ground for dismissal under subsection (3)(A), it would have been untimely.

---

[7] The *Depew* court noted that "Congress saw dismissal [under 11 U.S.C. § 707] and revocation of the discharge [under 11 U.S.C. § 727(d)] as two separate events" and that dismissal does not automatically result in revocation of the discharge. The Trustee has not sought revocation of the discharge here.

[8] The *Morgan* court noted that Bankruptcy Rule 4004(a) was amended effective December 1, 2002 to include the filing of a motion to dismiss as one of the events that would defer the entry of a discharge. The *Morgan* court reasoned that the amendment demonstrated that Rule 4004 in its prior form did not prevent entry of discharge while a motion to dismiss was pending. *Id.* at 249.

As was noted above, section 707(b) was amended by BAPCPA in 2005 to include bad faith as a specific basis for dismissal under section 707(b)(3)(A). Therefore, that amendment at least arguably eliminated bad faith as a ground for dismissal under section 707(a). *See generally* 6 COLLIER ON BANKRUPTCY, ¶ 707.03[2] at 707-20 to 707-21 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

If the Trustee had moved for dismissal here under section 707(b), his motion would have been untimely under Bankruptcy Rule 1017(e), which requires a section 707(b) motion to be made sixty days after the first date set for the meeting of creditors. In this case, the first date set for the meeting of creditors was June 20, 2016. Sixty days thereafter is approximately August 20, 2016, which is also approximately four months prior to the filing of the Trustee's dismissal motion. Thus, to the extent the Trustee's motion was actually or impliedly made under 11 U.S.C. § 707(b), it is also untimely.

In sum, the dismissal of the case after the discharge was granted would afford the Debtor one of the principal benefits of a bankruptcy filing -- the discharge -- without the related burdens, such as providing cooperation to the Trustee and requiring the turnover of property of the estate, including under section 541(a)(5)(6) and (7) and section 542. Based on the precedent and other authorities cited above, the Trustee's motion will be denied as moot and untimely because it was filed four months after the Debtor's discharge was granted.

### C. Further Factual Development is Required to Determine Whether the Debtor's Filing Was in Bad Faith

In this case, one of the asserted purposes for the filing was to stay the eviction proceeding with respect to the Broadway Premises leased by the Debtor for commercial purposes. While both the New York landlord-tenant court and this Court ultimately held that the stay did not apply, that issue was not completely free from doubt, as noted above. Further, bankruptcy cases are often filed to stay eviction or similar proceedings, typically just before or after an adverse judgment is or is about to be

entered. Thus, this Court cannot find that this asserted basis for the filing was in good or bad faith on the basis of the record before the Court.

Next, the Debtor argues that he filed to stay and discharge an IRS debt that resulted in partial garnishment of his social security benefits. While the Court cannot determine on this record the amount of the IRS debt or whether it was discharged, the Court does note that bankruptcy filings are often made to stay collection proceedings and/or executions on judgments, even if the underlying debt may ultimately be determined to be nondischargeable. Here again, more evidence is required to make the bad faith or good faith determination.

As to the proceedings relating to the New York Property, this area is the one that provides the strongest undisputed (or not validly disputed) evidence of bad faith. Irrespective of whether the 2014 Southern District case involved the New York Property, it was the subject of various prior proceedings and final orders and judgment in New York State Court and in the Bankruptcy Court for the Eastern District of New York in the *Mergenthaler* case. The litigation and relitigation of those issues in these three courts is undoubtedly strong evidence of the Debtor's bad faith, as are the prior litigated proceedings in various courts that resulted in the bars against future bankruptcy filings by the Debtor. However, for this Court to determine whether this particular case was filed in bad faith, it would have to weigh the indisputable evidence of bad faith in prior cases and in this case as to the New York Property at least against the potentially valid reasons for filing asserted by the Debtor, which would require further factual findings by this Court.

Thus, if this Court were required to reach the bad faith issue, the Court would be compelled to take further evidence from the Debtor and the Trustee to determine whether, on balance, the evidence of bad faith outweighs whatever evidence there may be of the Debtor's asserted legitimate reasons for filing this case. The Court, however, is not required to make that determination because of its earlier ruling that the Trustee's motion should be denied as moot and/or untimely.

## VI. CONCLUSION

For all the foregoing reasons, the Trustee's Motion to Dismiss this case as a bad faith filing is denied as untimely and moot. Even if timely made, resolution of the Dismissal Motion would require further development of the disputed factual record after an evidentiary hearing. In denying this Motion, it is the Court's intent that the terms and conditions set forth in this Court's October 31, 2016 and November 4, 2016 Orders remain in full force and effect.

An implementing order accompanies this Opinion.


Date:  August 23, 2017                           /s/Vincent F. Papalia
                                                 VINCENT F. PAPALIA
                                                 United States Bankruptcy Judge